# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Cedric Scott Anderson, | Civ. No. 26-2087 (JWB/LIB) |
| Plaintiff, | |
| v. | |
| Commissioner of Minnesota Department of Corrections; End of Confinement Review Committee (ECRC); John and Jane Doe, *ECRC Members*; and John and Jane Does, *Treatment Providers*, | **ORDER** |
| Defendants. | |

Plaintiff Cedric Scott Anderson has applied for *in forma pauperis* ("IFP") status. (Doc. No. 2.) That IFP application must be considered before any other action may be taken in this matter.

Anderson qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996). On review, all fact allegations must be accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The fact allegations need not be detailed, but they must state a plausible claim without being speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Legal conclusions that are couched as factual may be disregarded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se

complaints are to be construed liberally, but they still must allege sufficient facts to support the claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Anderson alleges that, at an unspecified time, he "was charged with a criminal sexual assault offense" but pled guilty to "attempted first degree assault." (Doc. No. 1, Compl. ¶¶ 9–10.) As part of the sentence in that matter, Anderson was required to participate in sex offender treatment and to admit to alleged sexual conduct, which Anderson refused to do. (*Id.* ¶¶ 11–12.) Because of this, Anderson was terminated from treatment, classified as a Level 3 offender, and had his term of incarceration extended by one year. (*Id.* ¶ 15.) Anderson regards this as unlawful, and he seeks declaratory, injunctive, and monetary relief, along with reclassification to a lower risk level. (*Id.* at 3.)

There are several problems with the Complaint. First, Anderson did not sign it, which is required. *See* Fed. R. Civ. P. 11(a) (stating that a pleading must be signed "by a party personally if the party is unrepresented"). Under other circumstances, Anderson might be afforded an opportunity to correct this error, but here the Complaint is subject to summary dismissal for other reasons.

Second, public records suggest that Anderson's conviction at issue occurred in 2014 and that he was released from prison no later than early 2020. *See Minnesota v. Anderson*, No. 69DC-CR-13-3248 (Minn. Dist. Ct.). Therefore, all the events described in the Complaint likely occurred more than six years ago and outside the six-year limitations window for asserting constitutional claims under 42 U.S.C. § 1983 in Minnesota. *See United States v. Bailey*, 700 F.3d 1149, 1153 (8th Cir. 2012) ("The statute of limitations on claims under 42 U.S.C. § 1983 . . . is six years in Minnesota.").

Clarification of the timing of the events at issue is unnecessary, however, because the claims fail for yet other reasons.

The third problem with Anderson's Complaint is that with one exception, discussed below, Anderson's claims amount to a collateral attack on the legality of his previously imposed sentence, and a litigant cannot collaterally attack a facially lawful conviction or sentence through a lawsuit under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The *Heck* rule extends to periods for which a previously imposed term of imprisonment is extended, such as through revocation of parole. *See Flying Horse v. Hansen*, 691 F. App'x 299, 300 (8th Cir. 2017). Therefore, Anderson could only seek relief under § 1983 for invalidity of his detention if the illegality of the continuation of Anderson's sentence were established through other means, such as invalidation on direct appeal or through the granting of a petition for a writ of habeas corpus, neither of which occurred here.

This leaves one claim not precluded by *Heck*—Anderson's claim that he has been unlawfully classified as a Level 3 offender. This claim does not necessarily imply the invalidity of Anderson's conviction or sentence, only the invalidity of his classification. But this leads to the fourth problem with Anderson's Complaint—he has not alleged sufficient facts to establish a violation of his constitutional rights. The few facts alleged in the Complaint are too thin to permit a reasonable factfinder to conclude, even assuming the facts to be true, that Anderson's due-process rights were violated through his classification as a Level 3 offender. The Department of Corrections' classification of sex offenders in custody generally "does not implicate a constitutionally protected liberty

3

interest." *See Moore v. Fabian*, No. 09-CV-2060 (JRT/FLN), 2010 WL 4272467, at *5 (D. Minn. Oct. 18, 2010).

Nothing in Anderson's pleading indicates that Anderson's classification as a Level 3 offender was inconsistent with Minnesota law. *See id.* at *4 ("The requirement that [a criminal defendant] register as a predatory offender without having been convicted of a sex-related crime is consistent with Minnesota law."). And nothing suggests that the process by which the classification was made was inconsistent with Anderson's due-process rights. This claim therefore is not plausibly pled. Without a plausible claim for relief, Anderson's Complaint cannot go forward.

## ORDER

Based on all the files, records, and proceedings in this case, and for the reasons stated, **IT IS HEREBY ORDERED** that:

1.     This matter is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.     Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  June 23, 2026                 _s/ Jerry W. Blackwell_____
                                      JERRY W. BLACKWELL
                                      United States District Judge